THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WAYNE LAND AND MINERAL GROUP, LLC** | : |
| Plaintiff, | : |
| v. | : 3:16-CV-00897 |
| | : (JUDGE MARIANI) |
| **DELAWARE RIVER BASIN COMMISSION** | : |
| Defendant, and | : |
| **DELAWARE RIVERKEEPER NETWORK MAYA K. VAN ROSSUM, THE DELAWARE RIVERKEEPER** | : |
| Proposed Intervenors-Defendants | : |

## MEMORANDUM OPINION

Presently before the Court is a Motion For Leave to Intervene, (Doc. 10), filed by the Delaware Riverkeeper Network and Maya K. Van Rossum, the Delaware Riverkeeper (collectively referred to as the "DRN"). For the reasons that follow, the DRN's Motion For Leave to Intervene will be granted.

### I.  INTRODUCTION AND PROCEDURAL HISTORY

On May 17, 2016, Plaintiff Wayne Land & Mineral Group LLC filed a Complaint against Defendant Delaware River Basin Commission. (Doc. 1). In the Complaint, Plaintiff asks the Court to enter a declaratory judgment holding that the Defendant lacks jurisdiction or the authority to require it to seek prior approval from the Defendant for Plaintiff's intended plan

to construct a well pad and drill a natural gas well on property which Plaintiff owns in Wayne County, Pennsylvania (75 acres of which is located in the Delaware River Basin).

The DRN moved for leave to intervene on July 5, 2016. Although Defendant "takes no position" with respect to DRN's motion to intervene, (Doc. 16, at 1), Plaintiff opposes the motion. (Doc. 18).

## II.     STATEMENT OF FACTS

The Delaware River Basin Compact (the "Compact") is an interstate compact dated November 2, 1961, by and among the Commonwealth of Pennsylvania, New York State, New Jersey, Delaware, and the United States. (Doc. 11, at 2). The purpose of the Compact is the conservation, utilization, development, management and control of the water and related resources of the Delaware River Basin. (*Id.*) (citing 32 Pa. Stat. Ann. § 815.101). The Compact created the Defendant DRBC, which is tasked with the adoption and promotion of uniform and coordinated policies for water conservation, control, use and management in the Delaware River Basis. (*Id.*).

The DRN is a not-for-profit organization established in 1988 whose purpose is "to protect, preserve, and enhance the Delaware River, all of its tributary streams, and the habitats and communities of the Basin." (*Id.* at 2-3). It has over 15,000 members and works on issues, actions, regulations, legislation, policies, programs, and decisions that impact the health of the Delaware River Basin. (*Id.* at 3). In this matter, the DRN "seeks to intervene to defend the validity of the DRBC's jurisdiction and authority over activities that

may affect the water resources of the Basin and to protect and preserve the interests of DRN and its members in the Basin." (*Id.* at 2).

## III. ANALYSIS

The DRN moves to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, the DRN seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

### A. Intervention As of Right

Federal Rule of Civil Procedure 24(a)(2) governs intervention as of right. It provides, in relevant part:

> On timely motion, the Court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In this Circuit, a non-party may intervene as of right if it can satisfy four factors:

(1) The application for intervention is timely;
(2) The applicant has a sufficient interest in the litigation;
(3) The interest may be affected or impaired, as a practical matter by the disposition of the action; and
(4) The interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citations omitted). The Court will address each in turn.

3

### i. The DRN's Motion is Timely

In considering whether an intervention motion is timely, the Court considers "all the circumstances," including "(1) how far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might cause other parties, and (3) the reason for the delay." *Choike v. Slippery Rock Univ. of Pennsylvania*, 297 F. App'x 138, 140 (3d Cir. 2008) (internal citation and quotation marks omitted). Here, the Court finds that the DRN's motion is timely. The DRN moved to intervene prior to the commencement of discovery and prior to the filing of any dispositive motions. At such an early stage of the litigation, where the parties have neither exchanged discovery nor filed dispositive motions, the Court finds that the DRN's intervention will not prejudice the parties. *See Nat'l Collegiate Athletic Ass'n v. Corbett*, 296 F.R.D. 342, 347 (M.D. Pa. 2013) ("Generally, an applicant's intervention will not prejudice the current parties where discovery has yet to commence and dispositive motions have yet to be filed.") (citing *Mountain Top*, 72 F.3d at 370). Accordingly, the DRN has satisfied the first factor for intervention as of right.

### ii. The DRN Has a Sufficient Interest in the Litigation

Next, the Court will consider whether the DRN has a sufficient interest in the litigation. The Supreme Court has held that in order to intervene as of right, the proposed intervenors must possess an interest that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). The Third Circuit has instructed that a "significantly protectable" interest "must be a legal interest as distinguished from

interests of a general and indefinite character." *Mountain Top*, 72 F.3d at 318 (internal citation and quotation marks omitted). Specifically, "[t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.*

The DRN asserts that it possesses "significantly protectable" interest because its members "live, work and recreate in the Basin and a core objective of DRN is the restoration and protection of the Basin." (Doc. 11, at 11). Moreover, the DRN maintains that the declaratory judgment sought by the Plaintiff, if granted by the Court, "would open up the Basin to natural gas exploration, with all its attendant pollution, pollutants and use of Basin water resources" which "could undermine in whole or part the Special Protection waters regulations that have been a fundamental part of DRN's work, and cause a real and substantial threat to DRN and to the recreational, aesthetic and environmental interests of its members." (*Id.*).

The Court concludes that the DRN possesses a "significantly protectable" legal interest in this litigation. Courts in this Circuit have granted intervention as of right to environmental groups seeking to oppose a challenge to EPA water quality standards where the proposed intervenors alleged that their members used the waters for aesthetic and recreation purposes and the core objective of the organization was the restoration and preservation of the water. *See, e.g., Am. Farm Bureau Fed'n v. United States Enviro. Protection Agency*, 278 F.R.D. 98 (M.D. Pa. 2011). In that case, the Court found that the proposed intervenors' interest was "significantly protectable" where the group claimed to "have an interest in

5

efforts affecting the Bay, not only because the groups' individual members utilize the Bay and its tributaries for recreational and aesthetic purposes, but also because such efforts go to the core mission of the groups.." *Id.* at 107. "Given their past legal, educational, and physical efforts given toward protecting and restoring the Bay, and the personal use and enjoyment of the Bay by the groups' individual members, the court finds that these groups have demonstrated a legally protectable interest in the outcome of the case." *Id.* The same logic applies to the DRN in the instant litigation, and the Court finds that the DRN has demonstrated a sufficient interest and "significantly protectable" interest in the litigation and therefore satisfied the second intervention as of right factor.

### iii. Impairment of Interests

The third intervention as of right factor requires the movant to demonstrate an interest that may be affected or impaired, as a practical matter, by the disposition of the action. "In order to meet the requirements of Rule 24(a)(2), proposed intervenors must also demonstrate that their interest might be affected or impaired, as a practical matter, by the disposition of the action in their absence." *Am. Farm Bureau Fed'n*, 278 F.R.D. at 107 (citing *Mountain Top*, 72 F.3d at 368). In determining whether the DRN's interest may be impaired, the Court must consider the nature of the relief sought as well as the practical consequences of such a ruling. According to the DRN, granting the Plaintiff's declaratory relief "would remove natural gas drilling from the oversight of the DRBC, open up the Basin to drilling without any regulatory input from the DRBC, and affect the water resources of the

6

Basin." (Doc. 11, at 11). The DRN further claims that "[t]he aesthetic and recreational values of the Basin area as well as access to unpolluted waters will be lessened" if Plaintiff is successful on its claim. (*Id.*).

The Court agrees with the DRN, and finds that granting Plaintiff's relief could affect or impair the DRN's interests. "[C]ourts have granted intervention as of right to public interest groups in actions challenging the legality of a measure which it had supported or in circumstances where the outcome of the litigation might affect the group's members' enjoyment of the resource." *Am. Farm Bureau Fed'n*, 278 F.R.D. at 109. Because granting the Plaintiff's requested relief could, as a practical matter, impair the DRN's members' enjoyment and use of the River Basin, the Court finds that the DRN has demonstrated that its interests may be impaired by the disposition of the action and thus satisfied the third factor for intervention as of right.

### iv.   Adequate Representation

Finally, the Court will address the fourth intervention as of right factor: whether the Defendant DRBC adequately represents the DRN's interests. According to the DRN, as evidenced by the Compact, "the DRBC has a wide range of powers and duties, including encouraging the planning, development and financing of water resource projects' and the development of comprehensive plans for all users of the water resources of the Basin." (Doc. 11, at 12-13). In contrast, the DRN maintains that its interests "are narrower and personal to the DRN and its members," and, as a result, "[t]he DRBC cannot adequately

7

represent the interest of the DRN." (*Id.* at 13). Plaintiff, on the other hand, asserts that "[r]ather than having divergent interests, DRN and the [DRBC] share a common and coextensive interest in the development and management of the water resources of the Delaware River Basin." (Doc. 18, at 1-2). Specifically, Plaintiff maintains that "with respect to the narrow and purely legal question presented" by its Complaint, both the DRN and the DRBC "share a common interest in the Commission's assertion of project review authority over natural gas well pads and appurtenant facilities." (*Id.* at 2).

"Inadequate representation can be based on any of three possible grounds." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519-20 (3d Cir. 2014). Those grounds are: "(1) that although the applicant's interest are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interest; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *Id.* at 520 (internal citation and quotation marks omitted). In permitting non-party intervention as of right in *Am. Farm Bureau*, the Court found that the EPA represented a far broader public interest than the environmental group, noting that the EPA represented "not only the interests of the public interest groups, but also the possibly conflicting interests from agriculture, municipal storm water associations, and land developments." *Am. Farm Bureau*, 278 F.R.D. at 111. Similarly, the DRBC, like the EPA, represents the broader interests of all users of the water resources of the Delaware River Basin, not just those of environmental protection groups

like the DRN. Although the DRBC and DRN have similar interests, the Court finds that their interests are not entirely co-extensive, and that it is possible that the DRN and the DRBC's interests may conflict. Thus, the DRBC's representation of the DRN's interest in this litigation may be inadequate.[1] See *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.") (citations omitted). Accordingly, the Court concludes that the DRN has satisfied all four factors and therefore may intervene as of right in this litigation.

## B. Permissive Intervention

The Court also concludes that even if the DRN was not entitled to intervene as of right, the Court is satisfied that permissive intervention would be appropriate under Federal Rule of Civil Procedure 24(b). Under Rule 24(b)(2) the Court may permit "anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In deciding whether to permit intervention under Rule 24(b), 'courts consider whether the proposed intervenors will add anything to the litigation.'" *Am. Farm Bureau Fed'n*, 278 F.R.D. at 111 (quoting *Kitzmiller v. Dover Area Sch. Dist.*, 229 F.R.D. 462, 471 (M.D. Pa. 2005)). The Court must also consider "whether the intervention

---

[1] Notably, in its Brief in Response to the DRN's Motion to Intervene, the DRBC stated that it "does not . . . adopt the factual recitations in the Motion to Intervene" and "reserves the right to present its construction of the Delaware River Basin Compact, the facts concerning DRBC's actions to date and other relevant facts . . . before this Court." (Doc. 16, at 1-2).

9

will unduly delay or prejudice the adjudication of the original parties' rights." *Nat'l Collegiate Athletic Ass'n*, 296 F.R.D. at 350.

Here, the Court finds that intervention would not unduly prejudice the adjudication of Plaintiff's rights. No discovery has been conducted to date, and at the time of the DRN's motion there were no pending dispositive motions before the Court. Moreover, the Court finds that the DRN would add to the litigation. Although Plaintiff attempts to style its claim before the Court as "narrow and purely legal" where "the applicable law is clear," (Doc. 18, at 4), it also notes that interpretation of the Compact at issue will require not only a review of the express terms of the Compact, but also "the legislative history and other extrinsic evidence of the intent and understanding of Congress and the signatory states at the time the Compact was adopted," "any historical course of performance under the compact," as well as "the usage of the trade as evidenced by the terms of other compacts." (Doc. 18, at 4). Given the nature of the evidence the Court will consider, the Court finds that the presence of the DRN in this litigation may very well serve to clarify issues and would contribute to the timely resolution of this matter. Indeed, as the DRN notes, "through its long history of working to protect and preserve the Basin," it "has particular knowledge and may help to clarify complex issues and contribute to the resolution of this matter." (Doc. 11, at 14). Thus, the Court also finds that the DRN may intervene pursuant to Federal Rule of Civil Procedure 24(b).

## IV. CONCLUSION

For the reasons set forth above, the DRN's Motion For Leave to Intervene, (Doc. 10), will be granted. A separate order follows.

_____
Robert D. Mariani
United States District Judge