THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE LAND AND MINERAL          :
GROUP, LLC                      :
                                :
        Plaintiff,              :
    v.                          :        3:16-CV-00897
                                :        (JUDGE MARIANI)
DELAWARE RIVER BASIN            :
COMMISSION                      :
                                :
        Defendant, and          :
                                :
DELAWARE RIVERKEEPER NETWORK :
and MAYA K. VAN ROSSUM, THE     :
DELAWARE RIVERKEEPER            :
                                :
        Intervenors-            :
        Defendants              :

## MEMORANDUM OPINION

Presently before the Court are two "Motions for Permission to Appear, File Brief, and

Make Oral Argument, if necessary, as Amicus Curiae on Behalf of the Plaintiff." (Docs. 37,

53). The first motion was filed by non-parties Lackawaxen Honesdale Shippers Association,

Northern Wayne Property Owner's Alliance, Inc., and Landowner Advocates of New York,

Inc., (Doc. 37), and the second motion was filed by non-parties County of Wayne and the

Wayne Economic Development Council. (Doc. 53). For the reasons that follow, the

motions will be granted in part and denied in part.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

On May 17, 2016, Plaintiff Wayne Land & Mineral Group LLC filed a Complaint against Defendant Delaware River Basin Commission. (Doc. 1). In the Complaint, Plaintiff asks the Court to enter a declaratory judgment holding that the Defendant lacks jurisdiction or the authority to require it to seek prior approval for Plaintiff's intended plan to construct a well pad and drill a natural gas well on property which Plaintiff owns in Wayne County, Pennsylvania (75 acres of which is located in the Delaware River Basin).

The Delaware Riverkeeper Network and Maya K. Van Rossum, the Delaware Riverkeeper, filed a motion to intervene on July 5 2016, (Doc. 10), which the Court granted on September 12, 2016. (Doc. 26). Thereafter, non-parties Lackawaxen Honesdale Shippers Association, Northern Wayne Property Owner's Alliance, Inc., and Landowner Advocates of New York, Inc. filed the instant motion on October 13, 2016. (Doc. 37). Non-parties County of Wayne and the Wayne Economic Development Council filed their motion on November 30, 2016. (Doc. 53).

## II.    ANALYSIS

"Meaning friend of the court, *amicus curiae* has historically been used to describe an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Sciotto v.*

*Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999) (internal citation and

quotation marks omitted).

> Amici status is typically granted where the following conditions are present: (1)
> petitioner has a 'special interest' in the particular case, *see Waste Management of Pa. v.
> City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995); (2) petitioner's interest is not
> represented competently or at all in the case, *see Liberty Lincoln v. Ford Marketing
> Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993); (3) the proffered information is timely and useful,
> *see Hoptowit v. Ray*, 682 F.3d 1237, 1260 (9th Cir. 1982); and (4) petitioner is not partial
> to a particular outcome in the case, *see Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J.
> 1985), *but see Hoptowit*, 682 F.2d at 1260 ("there is no rule . . . that amici be totally
> disinterested.").

*Id* at 555.

Courts in this Circuit have found that participation as *amicus* at the level of the trial court,

as opposed to the appellate court, "is rather more the exception than the rule." *Abu-Jamal

v. Price*, Civ. A. No. 95-618, 1995 WL 722518, at *1 (W.D. Pa. Aug. 25, 1995); *see also Yip*,

606 F. Supp. at 1568 ("At the trial level, where issues of fact as well as law predominate, the

aid of *amicus curiae* may be less appropriate than at the appellate level."). Nevertheless,

"[t]he extent, if any, to which an *amicus curiae* should be permitted to participate in a

pending action is solely within the broad discretion of the district court." *Waste

Management*, 162 F.R.D. at 36 (citations omitted); *see also In re Nazi Era Cases Against

German Defendants Litig.*, 153 F. App'x 819, 827 (3d Cir. 2005) ("[A] district court's decision

to accept or reject an amicus filling is entirely within the court's discretion.").

## A. Lackawaxen Honesdale Shippers Association, Northern Wayne Property Owner's Alliance, Inc., & Landowner Advocates of New York, Inc.

The Lackawaxen Honesdale Shippers Association is "a Non-Profit Association organized and existing under the laws of the State of Pennsylvania for the purpose of making available, promoting and protecting interests of railroad users in Wayne County and Pike County Pennsylvania." (Doc. 37-1, at 1). Thomas Shepstone, the manager of the Lackawaxen Honesdale Shippers Association, is further authorized to act on behalf of not-for-profit corporations Northern Wayne Property Owners Alliance, Inc. and Landowner Advocates of New York, Inc.[1] Both the Defendant and the Intervenors-Defendants oppose the motion. (Docs. 41, 42).

Turning to the four factors identified in *Sciotto*, the Court first notes that it is the movants burden to demonstrate that it has a "particularized kind of special interest" appropriate for *amici* status. *Sciotto*, 70 F. Supp. 2d at 555. According to the movants, "[t]he question at issue in this case is one that is of vital interest to the Movants and to its members and the general public in that the outcome of this case will significantly affect property rights and values, railroad use, industry growth, business and employment and regional commerce in Wayne and Pike Counties, Pennsylvania and New York's Southern Tier." (Doc. 37, at 2). They further allege that "resolution of the action will have a vital impact on the manner of

---

[1] Nowhere in the Movants submissions do they identify the purposes of Northern Wayne Property Owners Alliance, Inc. or Landowner Advocates of New York, Inc. However, Defendant notes that the Northern Wayne Property Owners Alliance Inc., "is an association of property owners who have leased natural gas and/or mineral interests to energy companies," (Doc. 42, at 3), whereas Landowner Advocates of New York, Inc. is an organization that consists of "referenced landowners in the Southern Tier of New York." (*Id.* at 11).

4

which members may use their property rights as deeded to them or pay for and use rail service, receive fair and just compensation for their property rights, retain employment and industries in their region and for the members financial well-being, and to succeed in assisting established business and possible growth of new businesses in these areas." (Doc. 37-1, at 2). The Court finds that the movants have articulated a sufficient interest in the litigation and therefore have satisfied the first factor.

Second, the Court finds that the movants interests—specifically those pertaining to railroads, railroad uses, and landowners in the Southern Tier of New York—do not appear to be represented in this matter. Third, the Court finds that the proffered information to be both timely and potentially useful to the resolution of the issues before the Court, and rejects Defendant's argument that the motion is untimely because "[b]riefing on the Motion to Dismiss is complete, and reopening the briefing would delay a ruling." (Doc. 42, at 8).

Finally, the Court considers whether the movant is partial to a particular outcome. Defendant and the Intervenors-Defendants oppose the motion on the basis that the movants are not neutral parties and therefore should not be permitted to file an amicus brief, directing the Court to the affidavit of Thomas Shepstone. (Doc. 41, at 5). The Intervenors-Defendants note that "Mr. Shepstone is an advocate for the shale gas industry. His previous employers include Energy in Depth, an organization dedicated to promoting shale gas exploration. Mr. Shepstone currently works at Natural Gas Now which, as its name

suggests advocates for natural gas development."[2] (Doc. 45, at 5). Accordingly, the Defendant and Intervenors-Defendants maintain that the movant's motion must be denied because they are partial to a particular outcome.

When a movant "has a specific pecuniary interest," *Sciotto*, 70 F. Supp. 2d at 555, in a party's perspective of a particular case, or where the "amici represents business interests that will be ultimately and directly affected by the court's ruling on the substantive matter before it, amicus participation is not appropriate." *Id.* (internal citation and quotation marks omitted). However, "[w]hile the partiality of an *amicus* is a factor to consider in deciding whether to allow participation, there is no rule . . . that amici must be totally disinterested." *Waste Management*, 162 F.R.D. at 36 (internal citation and quotation marks omitted). Indeed, "[p]arties with pecuniary and policy interests have been regularly allowed to appear as *amici*." *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002).

Upon consideration of the relevant factors, the Court will exercise its discretion and grant in part and deny in part the motion as follows: non-parties Lackawaxen Honesdale Shippers Association, Northern Wayne Property Owner's Alliance, Inc., and Landowner

---

[2] The Intervenors-Defendants further note that Mr. Shepstone "refers to the Governor of the State of New York, Andrew Cuomo, as 'Corruptocrat' and accuses the Governor of running the state 'like a mob family.'" (Doc. 41, at 5). Mr. Shepstone has also referred to the Intervenor-Defendants "as 'a bitter fringe group' which has 'morphed into a cult of personality,'" and has argued "that 'fractivism' is a 'mental illness.'" *Id.* Mr. Shepstone is further alleged to refer "to the National Resources Defense Council as a 'den of thieves,'" and has referred to "a Geisinger Health study on natural gas development as a 'hit job' orchestrated by a doctor" he refers to "as a 'radical,' a 'renewables utopian' and a 'shale hater' who has 'produced one junk science study after another.'" (*Id.* at 5-6).

6

Advocates of New York, Inc. may file a joint brief, not to exceed ten pages, as *amicus curiae*

on behalf of the Plaintiff.   No other participation will be permitted.

### B. County of Wayne & Wayne Economic Development Council

Non-parties County of Wayne and the Wayne Economic Development Council, through

the same counsel as non-parties Lackawaxen Honesdale Shippers Association, Northern

Wayne Property Owner's Alliance, Inc., and Landowner Advocates of New York, Inc., also

requests leave to appear as *amicus* on behalf of the Plaintiff and assert that they do so "to

protect their governing authority and the property rights of its residents as duly elected

members of Wayne County." (Doc. 54, at 4).   Both the Defendants and Intervenors-

Defendants oppose the motion.  (Docs 57, 60).

Applying the four *Sciotto* factors identified above, the Court first finds that the movants

have some interest in the litigation, although the Court questions whether the interest is

sufficiently specialized and concrete.  Second, the Court finds that the movants' interest

may not be adequately represented in this matter, but notes that the movants and Plaintiff

appear to share the same or similar interests.  Third, the Court finds that the movants'

submission is timely and that it may have some usefulness to the resolution of matters

before the Court.  Finally, the Court notes that, although the movants may be partial to a

particular outcome, that is not a *per se* bar to participation as *amicus*.  Accordingly, the

Court will exercise its discretion and grant in part and deny in part the movants motion as

follows:  the County of Wayne and Wayne Economic Development Council may file a joint

brief, not to exceed ten pages, as *amicus curiae* on behalf of the Plaintiff.  No other participation will be permitted.[3]

## III.   CONCLUSION

For the reasons set forth above, the motions will be granted in part and denied in part.  A separate order follows.

Robert D. Mariani
United States District Judge

---

[3] The Third Circuit has noted that, as a general rule, an *amicus curiae* may only participate in oral argument "for extraordinary reasons."  *Am. Coll. of Obstetricians & Gynecologists Pennsylvania Section v. Thornburgh*, 699 F.2d 644, 646 (3d Cir. 1983) (citing Fed. R. App. P. 29)).  Because all of the movants have failed to identify any "extraordinary reasons" necessitating their participation in oral argument, the Court will deny the motions in this respect.