THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE LAND AND MINERAL GROUP, LLC | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:16-CV-00897 |
| | : | (JUDGE MARIANI) |
| DELAWARE RIVER BASIN COMMISSION | : | |
| | : | |
| Defendant, and | : | |
| | : | |
| DELAWARE RIVERKEEPER NETWORK | : | |
| MAYA K. VAN ROSSUM, THE DELAWARE RIVERKEEPER | : | |
| | : | |
| Intervenors- Defendants | : | |

## MEMORANDUM OPINION

Presently before the Court is a Motion to Intervene filed by Senators Joseph B. Scarnati, Lisa Baker and Gene Yaw (collectively, the "Senators").  The Senators "move to intervene as parties plaintiff in the above-captioned matter as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, by permission pursuant to Federal Rule of Civil Procedure 24(b)(1)(B)." (Doc. 35, at 3).  For the reasons that follow, the motion will be denied.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

On May 17, 2016, Plaintiff Wayne Land & Mineral Group LLC filed a Complaint against Defendant Delaware River Basin Commission (the "DRBC").  (Doc. 1).  In the Complaint,

Plaintiff asks the Court to enter a declaratory judgment holding that the DRBC lacks

jurisdiction or the authority to require it to seek prior approval from the DRBC for Plaintiff's

intended plan to construct a well pad and drill a natural gas well on property which Plaintiff

owns in Wayne County, Pennsylvania (75 acres of which is located in the Delaware River

Basin).

Intervenors-Defendants the Delaware Riverkeeper Network and Maya K. Van Rossum,

the Delaware Riverkeeper (collectively referred to as the "DRN") filed a motion to intervene

on July 5, 2015, (Doc. 10), which the Court granted on September 12, 2016.[1]  (Doc. 26).

On October 11, 2016, the Senators, in their official capacities, filed a Motion to Intervene.

(Doc. 35).  The DRBC and the DRN both oppose the Senators' Motion.  (Docs. 44, 46).

## II.    STATEMENT OF FACTS

The Delaware River Basin Compact (the "Compact") is an interstate compact dated

November 2, 1961, by and among the Commonwealth of Pennsylvania, New York State,

New Jersey, Delaware, and the United States.  (Doc. 11, at 2).  The purpose of the

Compact is the conservation, utilization, development, management and control of the water

and related resources of the Delaware River Basin.  (*Id.*) (citing 32 Pa. Stat. Ann. §

---

[1] The DRN is a not-for-profit organization established in 1988 whose purpose is "to protect, preserve, and enhance the Delaware River, all of its tributary streams, and the habitats and communities of the Basin." (*Id.* at 2-3).  It has over 15,000 members and works on issues, actions, regulations, legislation, policies, programs, and decisions that impact the health of the Delaware River Basin. (*Id.* at 3).  In this matter, the DRN "seeks to intervene to defend the validity of the DRBC's jurisdiction and authority over activities that may affect the water resources of the Basin and to protect and preserve the interests of DRN and its members in the Basin." (*Id.* at 2).

815.101).  The Compact created the Defendant DRBC, which is tasked with the adoption

and promotion of uniform and coordinated policies for water conservation, control, use and

management in the Delaware River Basis.  (*Id.*).

The Pennsylvania Senate and the Pennsylvania House of Representatives comprise the

Pennsylvania General Assembly.  (Doc. 35, at ¶ 6).  Senator Scarnati is an elected

member of the Pennsylvania Senate, representing the 25th Senatorial District.  (*Id.* at ¶ 7).

He is also the President *Pro Term* of the Pennsylvania Senate.  (*Id.*).  Senator Baker is an

elected member of the Pennsylvania Senate who represents the 20th Senatorial District.

(*Id.* at ¶ 8).  Senator Yaw is also an elected member of the Pennsylvania Senate,

representing the 23rd Senatorial District.  (*Id.* at ¶ 9).  According to the Senators:

> The Pennsylvania General Assembly has enacted a comprehensive set of laws and related regulations that govern activities related to drilling for natural gas in shale formations in Pennsylvania, including laws that address the development of gas well pads, gas wells and related facilities and activities. *See* 58 Pa. C.S. § 3201, *et seq.*
>
> These laws and regulations require that any persons seeking to construct well pads or related facilities, and to engage in drilling activities, must obtain permits and approvals from the Pennsylvania Department of Environmental Protection.
>
> Notwithstanding this comprehensive statutory and regulatory framework duly enacted by the Pennsylvania General Assembly, DRBC, through its interpretation of Section 3.8 of the Compact, has taken upon itself the role of arbiter of who may construct well pads or related facilities and engage in related drilling activities in those parts of Pennsylvania that are contained in the Basis.

(*Id.* at ¶¶ 10-12).

The DRBC's conduct, according to the Senators, usurps "the authority of the

Pennsylvania General Assembly, including the Pennsylvania Senate, to enact laws that

3

permit commercial activities within the Commonwealth of Pennsylvania under certain defined circumstances." (*Id.* at ¶ 13). The Senators also claim that the DRBC's conduct seeks "to abrogate laws duly enacted by the Pennsylvania General Assembly, including the Pennsylvania Senate, to permit the development of gas well pads, gas wells and related facilities and that also allow drilling for natural gas in shale formations." (*Id.*). Because the DRBC is, according to the Senators, "improperly trampling on the legislative authority of the Pennsylvania General Assembly including the Pennsylvania Senate," (*Id.* at ¶ 17), they "seek to intervene as plaintiffs in this action to protect the authority and legislative prerogative of the Pennsylvania Senate and the Pennsylvania General Assembly to regulate commercial activities in Pennsylvania by duly enacting laws that govern such activities." (*Id.* at ¶ 20).

## III.    ANALYSIS

The Senators move to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, the Senators seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). The DRBC and the DRN oppose the Senators' Motion. (Docs. 44, 46).

### A. Intervention As of Right

Federal Rule of Civil Procedure 24(a)(2) governs intervention as of right. It provides, in relevant part:

> On timely motion, the Court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated

4

that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In this Circuit, a non-party may intervene as of right if it can satisfy

four factors:

- (1) The application for intervention is timely;
- (2) The applicant has a sufficient interest in the litigation;
- (3) The interest may be affected or impaired, as a practical matter by the disposition of the action; and
- (4) The interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366

(3d Cir. 1995) (citations omitted). The Court will address each in turn.

### i.    The Senators' Motion is Timely

In considering whether an intervention motion is timely, the Court considers "all the

circumstances," including "(1) how far the proceedings have gone when the movant seeks

to intervene, (2) the prejudice which resultant delay might cause other parties, and (3) the

reason for the delay." *Choike v. Slippery Rock Univ. of Pennsylvania*, 297 F. App'x 138,

140 (3d Cir. 2008) (internal citation and quotation marks omitted).

Here, the Court finds that the Senators' motion is timely. The Senators moved to

intervene prior to the commencement of discovery and prior to the Court's ruling on any

dispositive motion. At such an early stage of the litigation, the Court finds that the Senators'

intervention will not prejudice the parties. *See Nat'l Collegiate Athletic Ass'n v. Corbett*, 296

F.R.D. 342, 347 (M.D. Pa. 2013) ("Generally, an applicant's intervention will not prejudice

the current parties where discovery has yet to commence and dispositive motions have yet

to be filed.") (citing *Mountain Top*, 72 F.3d at 370). Accordingly, the Senators have satisfied the first factor for intervention as of right.

### ii.    The Senators Lack a Sufficient Interest in the Litigation

Next, the Court will consider whether the Senators have a sufficient interest in the litigation. The Supreme Court has held that in order to intervene as of right, the proposed intervenors must possess an interest that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). The Third Circuit has instructed that a "significantly protectable" interest "must be a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top*, 72 F.3d at 318 (internal citation and quotation marks omitted). Specifically, "[t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Id.*

According to the Senators, they have a "significantly protectable interest in this litigation as elected members of the Pennsylvania Senate and the Pennsylvania General Assembly." (Doc. 40, at 7).

> Specifically, the Senators' interests include: (i) a specific interest in seeing that activities related to shale drilling are permitted to take place in accordance with the statutory and regulatory framework duly enacted by the Pennsylvania Senate and Pennsylvania General Assembly and that these laws are not abrogated by the DRBC's interpretation of the Compact; and (ii) a broader interest in preventing DRBC from usurping the Pennsylvania Senate's and the Pennsylvania General Assembly's authority to regulate commercial activity within those sections of the Basin located in Pennsylvania and from intruding upon their legislative prerogative.

(*Id.*).

The DRBC, in contrast, asserts that the Senators lack a significantly protected interest.

The DRBC maintains that:

> Legislators do not have a significantly protectable interest in enacted legislation, notwithstanding their support or vote for it. In *Roe v. Casey*, 464 F. Supp. 483 (E.D. Pa. 1978), *aff'd*, 623 F.2d 829 (3d Cir. 1980), a member of the General Assembly sought to intervene in a civil rights challenge to a Pennsylvania law limiting state reimbursements for the cost of abortions. The court held that the legislator's interest in defending a statute from application of federal law not sufficiently substantial, direct or legally protectable. *Id.* at 486. In contrast, a legislator's protectable interest might encompass the issue of whether the applicable state laws were duly and lawfully enacted, an issue not raised in *Roe* (or in the present case). *Id.*

> Similarly, in *Nat'l Collegiate Athletic Ass'n, supra*, a State Senator sought to intervene in the NCAA's challenge to legislation that he sponsored. The legislation required the NCAA's fine against Penn State to be deposited in a Commonwealth trust fund and used within the Commonwealth only for the benefit of the Commonwealth's residents. The court held that the Senator did not have a significantly protectable interest in defending the legislation: 'In *Roe*, the Third Circuit affirmed the District Court's holding that the interests of a legislator who co-sponsored a statute were not sufficiently substantial or direct to warrant intervention as of right when the issue before the court was whether the statute violated federal law and the U.S. Constitution . . . Senator Corman's position is not distinguishable from that of the legislator in *Roe*, and therefore by federal standards he does not have a sufficient interest to participate in this action.' *Id.*, 296 F.R.D. at 348. *See also One Wisconsin Institute, Inc. v. Nichol*, 310 F.R.D. 394 (W.D. Wi. 2015) (holding that legislators do not have a sufficiently protectable interest in opposing a constitutional challenge to a statute).

> A similar result was reached by the Pennsylvania Commonwealth Court when Senator Scarnati and Representative Samuel H. Smith moved to intervene in an action challenging the constitutionality of provision of the same natural gas legislation on which the Senators base their right to intervene in the present case, 58 Pa. C.S. §§ 2301-3504 ("Act 13"). *Robinson Twp. v. Commonwealth*, 84 A.3d 1054 (Pa. 2014). The Pennsylvania Supreme Court affirmed a Commonwealth Court order denying the motion to intervene. The Court held that the authority of the Senators' offices or their right to vote was not implicated by a constitutional challenge to Act 13.

> In the present case, the Senators do not contend that they have an economic, aesthetic or recreational interest at stake, *see Am. Farm Bureau Fed'n v. United States Enviro.*

*Protection Agency*, 278 F.R.D. 98 (M.D. Pa. 2001), that Act 13 was not properly enacted or that their Senatorial vote has not been cast and properly counted. Rather the Senators assert 'a specific interest in seeing that activities related to shale drilling are permitted to take place in accordance with the statutory and regulatory framework duly enacted by the Pennsylvania Senate and the Pennsylvania General Assembly, and that these laws are not abrogated by DRBC's interpretation of the Compact.' Senators' Motion ¶ 26. As in *Robinson Twp.*, this interest does not implicate their voting power or authority to enact state law.

At its core, the Senators seek to preclude actions that DRBC may take under the Compact, which is both federal and state law, from affecting implementation of a state statute (Act. 13). As in *Roe* and *Nat'l Collegiate Athletic Ass'n*, once legislation is enacted, legislators do not have a significantly protectable interest in its implementation. Here, where the Compact was enacted as state law in addition to federal law, there is even less reason to conclude that a state legislator has a protectable interest in insulating state legislation from the joint management of the Basin's water resources by the parties to the Compact.

(Doc. 44, at 6-9).

The Court finds that DRBC's argument highly persuasive. Once legislation is enacted, legislators such as the three Senators seeking to intervene in this litigation, do not have a significantly protectable interest in its implementation to entitle them to intervene as of right. *See Roe*, 464 F. Supp. at 486 ("Nor do we find the interests of Dougherty, as legislator, member of the General Assembly and cosponsor of Public Act 148, to be sufficiently substantial, direct, or legally protectable interests to warrant intervention."), *aff'd*, 623 F.2d 829 (3d Cir. 1980). *See also Nat'l Collegiate Athletic Ass'n*, 296 F.R.D. at 349 ("Once again, Roe controls, and the Court cannot conclude that Senator Corman's interest in arguing the constitutionality of the Act is sufficiently substantial, direct, or legally protectable

8

to warrant intervention.).  Therefore, the Court finds that the Senators' lack a significantly

protectable interest.

### iii.     Impairment of Interests

The third intervention as of right factor requires the movant to demonstrate an interest

that may be affected or impaired, as a practical matter, by the disposition of the action. "In

order to meet the requirements of Rule 24(a)(2), proposed intervenors must also

demonstrate that their interest might be affected or impaired, as a practical matter, by the

disposition of the action in their absence." *Am. Farm Bureau Fed'n*, 278 F.R.D. at 107

(citing *Mountain Top*, 72 F.3d at 368).  In determining whether the Senators' interest may be

impaired, the Court must consider the nature of the relief sought as well as the practical

consequences of such a ruling.

Here, the Court has already concluded that the Senators lack a significant interest in this

litigation.  Moreover, even if the Court were to find that the Senators possessed a sufficient

interest in the litigation, it would conclude that the Senators' interest would not be impaired

by the Court's disposition of this case.

### iv.     Adequate Representation

Finally, the Court will address the fourth intervention as of right factor:  whether the

Plaintiff adequately represents the Senators' interests.  According to the Senators, "[t]here is

a divergence of interests here because WLMG's interest is a more narrow economic interest

focused on its ability to develop a well pad and gas well on its property in the Basin." (Doc.

40, at 11).  The Senators further claim that:

> For instance, the dispute between WLMG and DRBC potentially could be resolved if
> DRBC simply approved the activities that WLMG seeks to conduct without this Court
> resolving the issue of DRBC's authority under Section 3.8 of the Compact.   The
> Senators' interests, on the other hand, are broader legal interests focused on whether
> Section 3.8 gives DRBC the extensive authority it now claims it has to review and
> approve virtually any commercial activity in the Basin (if it unilaterally deems such
> activity to be a 'project')—including the development of well pads and gas wells in the
> Pennsylvania sections of the Basin.   The Senators ultimately are concerned with
> DRBC's attempt to usurp basic legislative functions through its broad interpretation of
> the term 'project' in Section 3.8 of the Compact, not simply whether WLMG can proceed
> with the development activities it has planned for its property.   Therefore, WLMG's
> representation of the Senators' interests in this action may be inadequate.

(Doc. 40, at 11-12).

"Inadequate representation can be based on any of three possible grounds." *United

States v. Territory of Virgin Islands*, 748 F.3d 514, 519-20 (3d Cir. 2014).  Those grounds

are: "(1) that although the applicant's interest are similar to those of a party, they diverge

sufficiently that the existing party cannot devote proper attention to the applicant's interest;

(2) that there is collusion between the representative party and the opposing party; or (3)

that the representative party is not diligently prosecuting the suit." *Id.* at 520 (internal

citation and quotation marks omitted).

Here, the Senators argue that their interests are not adequately represented by the

Plaintiff.  The Court disagrees.  Notably, the Senators' proposed complaint attached to the

Motion is merely a copy of the Plaintiff's complaint—which plainly demonstrates that the

Plaintiff adequately represents the Senators' interests.  *Cf.* (Doc. 11-3) (Intervenors-

Defendant's proposed answer asserting defenses different than Defendant); *see also*

*Pennsylvania Gen. Energy Co., LLC v. Grant Twp.*, __ F. App'x __, 2016 WL 4011144, at *3

(3d Cir. July 27, 2016) ("Next, there is significant overlap between the Township's pleadings

and those presumptively filed by the Appellants. Indeed, the Township's answer . . . is

practically identical to the proposed answer filed by the Appellants. As we held in *Virgin*

*Islands*, this similarity severely undercuts the Appellants' argument that their interests

diverge from those of the Township. *See Virgin Islands*, 748 F.3d at 522.")). Indeed, the

Senators readily admit that if they are "permitted to intervene as a parties plaintiff in this

action, they intend to adopt in whole WLMG's complaint." (Doc. 35, at 13). Accordingly, the

Court finds that the Plaintiff adequately represents the interests of the Senators and will

accordingly deny their Motion to Intervene as of Right.

### B. Permissive Intervention

The Court next addresses whether the Senators Motion for Permissive Intervention.

Under Rule 24(b)(2) the Court may permit "anyone to intervene who . . . has a claim or

defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.

24(b)(1)(B). "In deciding whether to permit intervention under Rule 24(b), 'courts consider

whether the proposed intervenors will add anything to the litigation.'" *Am. Farm Bureau*

*Fed'n*, 278 F.R.D. at 111 (quoting *Kitzmiller v. Dover Area Sch. Dist.*, 229 F.R.D. 462, 471

(M.D. Pa. 2005)). The Court must also consider "whether the intervention will unduly delay

or prejudice the adjudication of the original parties' rights." *Nat'l Collegiate Athletic Ass'n*, 296 F.R.D. at 350.

Here, although the Court finds that the Senators' participation would not prejudice the parties, it doubts whether the Senators' participation will add anything to this litigation. Specifically, the narrow issue before the Court is whether the DRBC lacks jurisdiction or authority to require the Plaintiff to seek prior approval from it for Plaintiff's intended plan to construct a well pad and drill a natural gas well on property which Plaintiff owns in Wayne County Pennsylvania (75 acres of which is located in the Delaware River Basin). Moreover, and notably, the Senators have merely provided the Court with a copy of the Plaintiff's pleading in support of its Motion to Intervene which suggests that the Senators' participation will not add anything to this litigation, and shows that the Senators failed to comply to Federal Rule of Civil Procedure 24(c).[2] (Doc. 35, at 18-35). Therefore, the Court will deny the Senators' Motion for Permissive Intervention.

---

[2] Rule 24(c) requires an intervention motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Here, the Senators have merely attached to their Motion a copy of the Plaintiff's Complaint, which the Court finds does not satisfy Rule 24(c)'s requirements, and is therefore an additional reason to deny the Senators' Motion. *See, e.g., Ulrich v. Corbett*, Civil No. 1:14-CV-0919, 2014 WL 3339566, at *3 (M.D. Pa. July 8, 2014) (denying motion to intervene for failure to comply with Rule 24(c)); *Hemy v. Perdue Farms, Inc.*, Civil Action No. 11-888 (FLW), 2011 WL 6002463, at *8 n.4 (D.N.J. Nov. 30, 2011) ("Some courts have held that the failure to attach a pleading asserting a claim or defense is, alone, a basis for denying a motion to intervene.") (citing *Lexington Ins. Co. v. Caleco, Inc.*, No. 01-5196, 2003 WL 21652163, at *5 (E.D. Pa. Jan. 25, 2003); *Porter v. T.D. Bank, N.A.*, Civil Action No. 10-7243, 2011 WL 925734, at *2 (Mar. 14, 2011) ("The requirements of Rule 24(c) are not, however, mere suggestions.") (citing 6 James Wm. Moore *et al., Moore's Federal Practice* ¶ 24.20 (3d ed. 2010) ("[A] district court will be unable to evaluate a motion to intervene, and the existing parties will be unable to make a meaningful response to the motion, unless they know exactly what claims or defenses the movant proposes to bring to the lawsuit. A proposed pleading is, therefore, an essential part of the motion."); *Retired Chicago Police*

## IV.   **CONCLUSION**

For the reasons set forth above, the Court will deny the Senators' Motion to Intervene.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

*Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993) ("As we have held previously, however, the requirement of Rule 24(c) is unambiguous and, as a general rule, *compliance may not be achieved simply by adopting the prior pleadings of a party.*") (emphasis added) (citing *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987)); *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968) (holding that "reference in his motion papers to the allegations of the original complaint was insufficient to comply with the requirement of Rule 24(c)").