# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE LAND AND MINERAL GROUP, LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:16-cv-00897 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| DELAWARE RIVER BASIN COMMISSION, | : | |
| | : | |
| Defendant, and | : | |
| | : | |
| DELAWARE RIVERKEEPER NETWORK and MAYA K. VAN ROSSUM, THE DELAWARE RIVERKEEPER | : | |
| | : | |
| Intervenors-Defendants. | : | (Electronically Filed) |

_____

**Delaware River Basin Commission's Motion to Compel Wayne Land and Mineral Group, LLC to Produce Peter J. Hillman for Deposition or for Leave to Subpoena Hillman for Deposition**
_____

Defendant Delaware River Basin Commission ("DRBC" or "Commission"), by and through its undersigned counsel, hereby moves for an order pursuant to Fed. R. Civ. P. 37(a)(3)(B)-(C) compelling Plaintiff Wayne Land and Mineral Group, LLC ("WLMG") to Produce Peter J. Hillman for Deposition. Alternatively, DRBC moves for an order pursuant to Fed. R. Civ. P. 16(b)(4) and 45 authorizing DRBC to subpoena Hillman and take his deposition, and extending the fact

discovery deadline for that limited purpose. In support of this Motion, the Commission asserts the following:

1. On August 9, 2019, DRBC served a Notice of Deposition scheduling the deposition of Hillman for September 9, 2019 ("Notice"), a copy of which is attached hereto as Exhibit A. WLMG raised no objection to the Notice until 8:54 a.m. on Monday, September 9, 2019, shortly before the scheduled 9:30 a.m. start of the deposition. At that time, WLMG informed DRBC and DRN that Hillman would not be appearing.

2. The August 9 Notice was served following discussions among counsel. During the end of July and beginning of August, counsel for DRBC and WLMG coordinated the scheduling of depositions. Ex. B, Greenfogel Dec. ¶ 3. During scheduling calls with WLMG, DRBC identified Hillman, the member of WLMG holding the largest ownership share, as the deponent for one of DRBC's five fact depositions. Ex. B, Greenfogel Dec. ¶ 4.

3. By email on August 5, 2019, and again on August 6, 2019, counsel for WLMG stated, "We will be in touch regarding Mr. Hillman's availability." Ex. B, Greenfogel Dec. ¶ 5-6. During a telephone conversation on August 8, 2019, counsel for WLMG again indicated he would need to confirm Hillman's availability, described Hillman as a "passive investor" in WLMG, stated WLMG would cooperate in producing Hillman for deposition, and requested Hillman's

deposition take place at DRBC's offices in West Trenton, New Jersey. Ex. B, Greenfogel Dec. ¶ 6.

4. On August 9, 2019, DRBC served the Notice scheduling Hillman's deposition for September 9, 2019. DRBC noticed the deposition for DRBC's offices in West Trenton at WLMG's request based on Hillman's residency in New Jersey. Ex. B, Greenfogel Dec. ¶ 7. Consistent with DRBC's practice of selecting deposition dates cooperatively, DRBC's Notice provided WLMG an opportunity to reschedule the deposition at a mutually agreeable date and time. Ex. A.

5. WLMG voiced no objection to or even concern about the time or location of Hillman's deposition until less than one hour before the scheduled start of the deposition. Ex. B, Greenfogel Dec. ¶ 8, 11.

6. Notwithstanding its commitment to produce Hillman cooperatively, at 8:54 a.m. on the day of the deposition WLMG's counsel sent an e-mail stating that Hillman would not appear on the purported ground that Hillman is a non-party who had not been served with a subpoena in New Jersey. Ex. B, Greenfogel Dec. ¶ 10.

7. WLMG's decision not to produce Hillman is part of a continuing effort by WLMG to stonewall legitimate discovery. WLMG likewise refused to answer interrogatories and produce documents until this Court compelled it to do so. *See* June 4, 2019 Order (Doc. 134). Notwithstanding the Court Order, WLMG's

supplemental answers were unresponsive to several of the discovery requests. Ex. E, Sandone Dep. 134:10-139:20, Sept. 3, 2019.

8. Rather than file another motion to compel to obtain the information, DRBC noticed and conducted the Rule 30(b)(6) deposition of WLMG. During deposition, one of WLMG's designees, its President and CEO, A.J. Sandone III, explained that in preparation to testify on behalf of WLMG, he only reviewed the Complaint, WLMG's responses to the Interrogatories, and "other pieces of information." He admitted to having done nothing to prepare to testify with respect to several of the categories for which he had been designated, although he modified some of his answers in his errata sheet. Ex. E, Sandone Dep. 6:19-9:11, 64:3-68:4, 74:8-76:1, 119:10-121:14, and 155:13-18.

9. Because Sandone was unprepared, DRBC was unable to obtain testimony regarding several of the Categories for Examination identified in the notice of deposition for which Sandone was designated. WLMG's deficient discovery responses and Sandone's lack of preparation and knowledge enhanced the importance of Hillman's deposition to DRBC.

10. After Hillman failed to appear pursuant to the Notice, by letter dated September 16, 2019, DRBC inquired whether, and if so, where, WLMG would produce Hillman for deposition. Ex. C, Letter from Mark L. Greenfogel to Christopher R. Nestor, Sept. 16, 2019. In response, by letter dated September 18,

2019, WLMG incorrectly asserted it never agreed to produce Hillman for deposition and restated its objection to the Notice of Hillman in New Jersey and without a subpoena. Ex. D, Letter from Christopher R. Nestor to Mark L. Greenfogel, Sept. 18, 2019.

11. In compliance with DRBC's agreement in the Joint Case Management Plan submitted to the Court in advance of the August 2018 case management conference (Doc. 103), DRBC agreed to take only five fact depositions. DRBC noticed Hillman as one of its five deponents.

12. Even though the deposition had been noticed 30 days before the expiration of fact discovery and it had raised no objection until the day of the deposition, WLMG refused to consent to conducting this deposition.

13. WLMG's objections are without merit. As discussed above, DRBC noticed the deposition for DRBC's offices in New Jersey at WLMG's request. Similarly, DRBC was not required to serve Mr. Hillman with a subpoena because WLMG agreed to produce Mr. Hillman for deposition.

14. Even if WLMG had not consented to produce Hillman for deposition, which it did, DRBC's notice was proper. According to WLMG's responses to Interrogatories, Hillman participated in the purchase of WLMG's property. As such, Hillman is a managing agent of WLMG.

5

15. WLMG's breach of its agreement to produce Hillman cooperatively, and Hillman's status as a managing agent of WLMG, are each a sufficient reason to compel WLMG to produce him.

16. In the alternative, the circumstances described above warrant extending the fact discovery period for the limited purpose of allowing DRBC to subpoena Hillman for deposition.

17. Pursuant to Fed. R. Civ. P. 16(b)(4), a schedule can be modified for good cause with the Court's consent.

18. DRBC acted diligently. DRBC disclosed its intent to conduct the deposition of Hillman, and duly noticed his deposition with a month remaining in the fact discovery period. In light of the service of the Notice, and the limited request to allow only this one additional fact deposition, no prejudice will result from granting the Motion.

19. DRBC will suffer prejudice if it is precluded from taking Hillman's deposition. Hillman's testimony is necessary to examine the averments of WLMG's Complaint, including among other things WLMG's acquisition of its property, and its plans to develop its property and undertake fracking and other activities, the subject matters of the interrogatories which the Court has compelled WLMG to answer, and the categories identified in DRBC's Rule 30(b)(6) notice of

deposition about which WLMG's designee failed to investigate and provide substantive information.

20. As this Court held in resolving DRBC's previous motion to compel (Doc. 116), "Defendants are entitled to verify, clarify, and explore averments made in the Complaint which include plans for the fracking-related activities on the property, from the intent of the purchasers (Doc. 1 ¶ 21) to the intended phased development going forward (*id.* ¶¶ 22-31)." Doc. 133 at 40.

WHEREFORE, the Delaware River Basin Commission respectfully requests that the Court grant the Motion and compel Wayne Land and Mineral Group, LLC to produce Peter J. Hillman for deposition. In the alternative, DRBC requests that the Court grant it leave to serve Hillman with a subpoena to testify at a deposition. DRBC further requests the Court to extend the fact discovery deadline solely for the limited purpose of conducting Hillman's deposition.

Dated:  November 22, 2019        s/ Kenneth J. Warren
                                                        Kenneth J. Warren, PA 30895
                                                        Mark L. Greenfogel, PA 323757
                                                        WARREN ENVIRONMENTAL COUNSEL LLC
                                                        975 Mill Road
                                                        Millridge Manor House Suite A
                                                        Bryn Mawr, PA  19010
                                                        (484) 383-4830

*Attorneys for Defendant Delaware River Basin Commission*

## CERTIFICATION OF COUNSEL

I, Mark L. Greenfogel, attorney for Defendant Delaware River Basin Commission ("DRBC"), hereby certify that I have, in accordance with Fed. R. Civ. P. 37(a)(1) and LR 26.3, in good faith conferred with Christopher R. Nestor, counsel for Plaintiff Wayne Land and Mineral Group, LLC ("WLMG"), by letter dated September 16, 2019, in an effort to resolve by agreement the issues raised in the foregoing Motion without intervention of the Court. David R. Overstreet and Jeffrey Belardi, counsel for WLMG, and Jordan B. Yeager, counsel for Intervenor-Defendants Delaware Riverkeeper Network and Maya K. van Rossum, the Delaware Riverkeeper were copied on the letter.

Counsel did not reach agreement. Counsel for DRBC sought WLMG's commitment to produce Mr. Hillman for deposition on a mutually agreeable date and time at a mutually agreeable location. In response, by letter dated September 18, 2019, counsel for WLMG incorrectly stated WLMG had not agreed to produce Mr. Hillman for deposition, objected to DRBC's notice of deposition without a subpoena, incorrectly alleged Commission harassment, and stated it will respond as necessary to a motion filed by the Commission. WLMG verified its position by email on November 20, 2019.

Dated:  November 22, 2019    __s/ Mark L. Greenfogel_____
                             Mark L. Greenfogel

## CERTIFICATION OF CONCURRENCE/NONCONCURRENCE

Pursuant to Local Rule 7.1, I, Mark L. Greenfogel, counsel for Defendant Delaware River Basic Commission, hereby certify that on November 20, 2019, I sought concurrence in Delaware River Basin Commission's Motion to Compel Wayne Land and Mineral Group, LLC to Produce Peter J. Hillman for Deposition or for Leave to Subpoena Hillman for Deposition from Plaintiff Wayne Land and Mineral Group, LLC and Intervenors-Defendants Delaware Riverkeeper Network and Maya K. van Rossum, the Delaware Riverkeeper. Intervenor-Defendants concur, and Plaintiff does not concur, in this Motion.

Dated:  November 22, 2019         s/ Mark L. Greenfogel
                                  Mark L. Greenfogel

# **CERTIFICATE OF SERVICE**

I, Kenneth J. Warren, hereby certify that I have on this 22nd day of November 2019, electronically filed the Delaware River Basin Commission's Motion to Compel Wayne Land and Mineral Group, LLC to Produce Peter J. Hillman for Deposition or for Leave to Subpoena Hillman for Deposition using the CM/ECF system which will send notification of such filing via electronic service to the following:

**Attorneys for Plaintiff, Wayne Land and Mineral Group, LLC:**

| David R. Overstreet, Esquire | Christopher R. Nestor, Esquire | Jeffrey Belardi, Esquire |
| --- | --- | --- |
| Overstreet & Nestor, LLC | Overstreet & Nestor, LLC | Belardi Law Offices |
| 461 Cochran Road, Box 237 | 1425 Crooked Hill Road | TekRidge Center |
| Pittsburgh, PA  15228 | #62066 | 50 Alberigi Drive, Suite 114 |
| david.overstreet@palawgroup.com | Harrisburg, PA  17106-2066 | Jessup, PA  18434 |
|  | christopher.nestor@palawgroup.com | jeff@beldardilegal.com |

**Attorney for Intervenors-Defendants, Delaware Riverkeeper Network and Maya K. van Rossum, the Delaware Riverkeeper:**

Jordan B. Yeager, Esquire
Curtin & Heefner LLP
Doylestown Commerce Center
2005 South Easton Road, Suite 100
Doylestown, PA  18901
jby@curtinheefner.com


Dated:  November 22, 2019          s/ Kenneth J. Warren